## MILLS v. BISHOP AND WETMORE.

**If several defendants are described in the process as being inhabitants of this state, there must be service on all, though some of them at the time of service may not be within the state.**

**The defendant may plead in abatement to the same process as often as the plaintiff amends, and the plaintiff may amend as often as he will pay the cost.**

THIS was an attachment in which both defendants were described as inhabitants of the town of Litchfield. The officer made return that he had attached the estate of John Bishop, one of the defendants, and had left with him a true and attested copy of the writ, etc., and that the other defendant was out of the state.

The defendants pleaded in abatement, that the writ had never been legally served, for, by the officer's return, no service had been made upon Wetmore, one of the defendants.

The plaintiff replied, that the defendant, Wetmore, after the date of the writ, and before the service, removed out of this state into Nova Scotia, a province in America, subject to the king of Great Britain; therefore, the law required no service to be made on him, but that service on the other defendant was sufficient to support the process.

The defendants demurred specially, and for cause alleged, that the plaintiff, having in her writ described both of the defendants as inhabitants of the town of Litchfield, she is therefore estopped from pleading any new matter, repugnant to that description.

Mr. Tracy and Mr. Kirby, for the defendants, contended that the officer was bound strictly to pursue the direction given in his precept; which was, to make service on each of the defendants, by attaching their persons, or estate, and

Mills v. Bishop et al.

leaving attested copies with each of them, or at their last usual place of abode within this state. The statute referred to in the replication is, "That in actions on joint securities, or contracts, when all the defendants are not inhabitants of this state, the service of the process on such of the defendants as are inhabitants of this state (if any) shall be sufficient notice to maintain the suit against all the defendants. And if any such defendant on whom the process was, not served is aggrieved, by the judgment, he may be relieved by *audita querela.*" This statute does not extend to any suit where the defendants are not in the writ described as belonging out of this state, and an opposite construction would introduce inconsistency into the record.

Mr. Canfield and Mr. Reeve, for the plaintiff, urged that it appeared from the pleadings, the defendant, Wetmore, who had not been served with the process, was not an inhabitant of this state at the time of service; therefore this case is clearly within the reason of the statute. That under such circumstances, it avails nothing to leave a copy at the last usual place of abode, because notice of the suit is not obtained by it. That these matters coming up in the course of the pleadings, places it on the same footing as if expressed in the body of the declaration, because it becomes equally a part of the record, and makes the whole process consistent.

The replication adjudged insufficient — and that the process abate.

On motion, the plaintiff was allowed to amend the descriptive part of her writ, paying cost. And,

By the COURT. Motion for amendment is unnecessary: For the statute, which enacts, "That when any plea shall be made in abatement of any writ or process, before the Superior or County Court, or before any assistant or justice

of the peace, that if it be ruled in favor of the defendant, the plaintiff shall have liberty to amend that defect on his paying down to the defendant his costs to that time; and then to proceed as he might have done if no such defect had been; " allows the plaintiff always to amend his writ on paying cost: And if he doth not cure the defect by amendment, the defendant may again plead in abatement.